UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALPHA VENTURE CAPITAL PARTNERS LP, CARACCIOLO FAMILY TRUST, GREGORY A. GOULD, LAW OFFICES OF KENNETH E. CHYTEN 401(k) PROFIT SHARING PLAN, GAVIN MYERS, AND MARTIN PETERSON, derivatively on behalf of CYTODYN, INC., <br><br>Plaintiffs, <br><br>v. <br><br>NADER Z. POURHASSAN, <br><br>Defendant, <br><br>-and- <br><br>CYTODYN, INC., a Delaware Corporation, <br><br>Nominal Defendant. | No. <br><br>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |

COMPLAINT FOR VIOLATION OF THE SECURITIES
EXCHANGE ACT OF 1934 - 1
Case No.

FG:53812092.3

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

# COMPLAINT FOR VIOLATION
# OF THE SECURITIES EXCHANGE ACT OF 1934

On behalf of Nominal Defendant CytoDyn, Inc., ("CytoDyn" or the "Company"), plaintiffs Alpha Venture Capital Partners LP, Caracciolo Family Trust, Gregory Gould, Law Offices of Kenneth E. Chyten 401(k) Profit Sharing Plan, Gavin Myers, and Martin Peterson ("Plaintiffs") assert a claim against Defendant Nader Z. Pourhassan ("Pourhassan"), Chief Executive Officer of CytoDyn, Inc. ("CytoDyn" or the "Company"), for violation of the Securities Exchange Act of 1934.

## NATURE AND SUMMARY OF THE ACTION

1.  This is a strict liability action to recover illicit short-swing profits under Section 16(b) of the United States Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p(b).

2.  On December 19, 2019, Nader Pourhassan ("Pourhassan"), the Company's Chief Executive Officer ("CEO"), was granted stock options to purchase 2,000,000 shares of CytoDyn common stock at an exercise price of $0.63 per share (the "December 2019 Grant").[1]

3.  Between April 30 and May 4, 2020, less than six months after he was awarded the December 2019 Grant, Pourhassan sold 4,821,174 shares of CytoDyn common stock – at prices ranging from $2.53 to $3.74 per share – which included the exercise of the December 2019 Grant and the sale of such shares.

4.  Pourhassan's deemed purchase and sale of CytoDyn securities within six months is a violation of Section 16(b) of the Exchange Act ("Section 16(b)"), and the transactions are not subject to any liability exemption, including but not limited to SEC Rule 16b-3 ("Rule 16b-3"). Accordingly, Pourhassan is subject to strict liability under Section 16(b) and must disgorge his profits from this illegal transaction.

---

[1] At the same time, Pourhassan was also awarded 2,000,000 shares subject to a stock purchase warrant, with the same $0.63 per share exercise price.

COMPLAINT FOR VIOLATION OF THE SECURITIES
EXCHANGE ACT OF 1934 - 2
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

# PARTIES

5. Plaintiffs are six current holders of CytoDyn common stock that collectively beneficially own more than 11.8 million shares.

6. Plaintiff Alpha Venture Capital Partners, L.P. ("Alpha") is a stockholder of CytoDyn and continuously held CytoDyn common stock since October 2013. Alpha beneficially owns approximately 1,000 shares of CytoDyn common stock. Carl Dockery, Alpha's founder and the manager of Alpha's general partner, is a former director of CytoDyn who served on the CytoDyn's Board of Directors (the "Board") from September 2014 until September 2019.

7. Plaintiff Caracciolo Family Trust ("CFT") is a stockholder of CytoDyn and continuously held CytoDyn common stock since 2011. CFT beneficially owns approximately 1.7 million shares of CytoDyn common stock. Anthony Caracciolo ("Caracciolo"), the sole trustee of CFT, is a former executive and director of CytoDyn who served on the Board from January 2011 until December 2018. Caracciolo served as Chairman of the Board from June 2013 until December 2018. From January 2017 until July 2018, Caracciolo also served as Executive Chairman.

8. Plaintiff Gregory A. Gould ("Gould") is a stockholder of CytoDyn and continuously held CytoDyn common stock since 2002. Gould beneficially owns approximately 10,000 shares of CytoDyn common stock. Gould is a former director of CytoDyn who served on the Board from 2006 until August 2019. Gould also served as Chairman of the Board, preceding Caracciolo, until July 2013.

9. Plaintiff Law Offices of Kenneth E. Chyten 401(k) Profit Sharing Plan ("KEC 401(K) Plan") is a stockholder of CytoDyn and continuously held CytoDyn common stock since 2015. KEC 401(k) Plan beneficially owns approximately 284,000 shares of CytoDyn common stock.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 - 3
Case No.

FG:53812092.3

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

10.     Plaintiff Gavin Myers is a stockholder of CytoDyn and continuously held CytoDyn common stock since 2013. Mr. Myers beneficially owns approximately 7,000 shares of CytoDyn common stock.

11.     Plaintiff Martin Peterson is a stockholder of CytoDyn and continuously held CytoDyn common stock since 2017. Mr. Peterson beneficially owns approximately 5,000 shares of CytoDyn common stock.

12.     Nominal Defendant CytoDyn is a Delaware corporation and its principal executive offices are located at 1111 Main Street, Suite 660, Vancouver, Washington 98660. CytoDyn is publicly-traded on the OTC market under the ticker symbol "CYDY."

13.     Defendant Pourhassan served as the Company's CEO, President, and Board member since 2012. He was appointed to the CytoDyn Board in September 2012, and became the Company's President and CEO in December 2012, following his service as interim President and CEO for the preceding three months.

## JURISDICTION AND VENUE

14.     Jurisdiction of this Court and venue in this District are proper according to 15 U.S.C. § 78aa because Defendant Pourhassan maintains an office and/or transacts business in this District, Nominal Defendant CytoDyn maintains its principal place of business in this District, and certain acts of the underlying action occurred in this District.

## SUBSTANTIVE ALLEGATIONS

**I.     Pourhassan receives 2 million stock options in December 2019.**

15.     In December 2019, the Board comprised Pourhassan and four purportedly non-employee directors: Scott A. Kelly ("Kelly"), Michael A. Klump ("Klump"), Jordan G. Naydenov ("Naydenov"), and David F. Welch ("Welch") (the "December 2019 Board").

16.     On December 19, 2019, Pourhassan received a grant of stock options to purchase 2,000,000 shares of CytoDyn common stock at an exercise price of $0.63 per share, i.e., the December 2019 Grant.

COMPLAINT FOR VIOLATION OF THE SECURITIES
EXCHANGE ACT OF 1934 - 4
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

17. On December 23, 2019, the Company disclosed the December 2019 Grant in a Form 4 filing with the SEC.

**II.   Less than six months later, Pourhassan sells 4.8 million shares of CytoDyn common stock, including the 2 million option shares he received in the December 2019 Grant.**

18. Between April 30 and May 4, 2020, Pourhassan sold 4,821,174 shares of CytoDyn common stock, at prices ranging from $2.53 per share to $3.74 per share (the "Sales").

19. CytoDyn disclosed the Sales in a Form 4 filed with the SEC on May 4, 2020. Specifically, the Form 4 disclosed the following sales of CytoDyn common stock: (1) On April 30, 2020, Pourhassan sold 2,219,837 shares of CytoDyn common stock at prices ranging from $3.44 to 3.74 per share, at a weighted average sale price of $3.5312 per share; (2) On May 1, 2020, Pourhassan sold 1,399,685 shares of CytoDyn common stock at prices ranging from $3.13 to $3.54 per share, at a weighted average sale price of $3.2644 per share; and (3) On May 4, 2020, Pourhassan sold 1,201,652 shares of CytoDyn common stock at prices ranging from $2.53 to $3.00 per share, at a weighted average sale price of $2.7904 per share.

20. The same Form 4 disclosed that Pourhassan exercised the options and sold the 2,000,000 shares awarded to him in the December 2019 Grant.

**III.   Pourhassan violated Section 16(b) of the Exchange Act.**

21. Section 16(b) of the Exchange Act provides that:

> **Profits from purchase and sale of security within six months.** For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) . . . . within any period of less than six months . . . . shall inure to and be recoverable by the issuer.

22. The December 2019 Grant is not an exempt purchase and Pourhassan's sale of 4.8 million shares in April and May 2020 are not exempt sales. Accordingly, Pourhassan's deemed

COMPLAINT FOR VIOLATION OF THE SECURITIES
EXCHANGE ACT OF 1934 - 5
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

purchase and sale of CytoDyn's securities within six months is a violation of Section 16(b) of the Exchange Act, and Pourhassan's statutory profits from the Sales are recoverable by CytoDyn.

**IV.     Pourhassan cannot claim any exemption.**

23.     SEC Rule 16b-3 provides an exemption from Section 16(b) of the Exchange Act in connection with transactions between an issuer and its directors and officers. The December 2019 Grant was a transaction between the issuer (CytoDyn) and Pourhassan (an officer/director) in which Pourhassan received 2,000,000 stock options.

24.     Rule 16b-3 states that "a transaction between the issuer . . . . and an officer or director of the issuer that involves issuer equity securities shall be exempt from [S]ection 16(b) of the [Exchange] Act if the transaction satisfies the applicable conditions set forth in this section."

25.     Specifically, under Rule 16b-3(d)(1), a "[a]ny transaction, other than a Discretionary Transaction, involving an acquisition from an issuer (including without limitation a grant or award), whether or not intended for a compensatory or particular purpose, shall be exempt [from Section 16(b) of the Exchange Act] if . . . . [t]he transaction is approved by the board of directors of the issuer, or a committee of the board of directors that is composed solely of two or more Non-Employee Directors."

26.     The other Section 16(b) exemptions under Rule 16b-3(d) are: (1) advance approval of the transaction by a majority of the Company's security holders (the "Majority Security Holder Exemption"); and (2) the utilization of a six-month holding period by the officer or director who acquired the securities from the issuer (the "Six Month Holding Period Exemption"). *See* Section 16b-3(d)(2) and (d)(3) of the Exchange Act; *see also* PETER J. ROMEO & ALAN L. DYE, SECTION 16 TREATISE AND REPORTING GUIDE, §14.02, at 1386-87 (4th ed. 2012) [hereinafter "SECTION 16 TREATISE"].

27.     Pourhassan's December 2019 Grant does not qualify for the exemption under Rule 16b-3(d)(1) because the December 2019 Grant was not: (1) approved by each member of

COMPLAINT FOR VIOLATION OF THE SECURITIES
EXCHANGE ACT OF 1934 - 6
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

CytoDyn's Board in December 2019 (the "Board Approval Exemption"); or (2) approved by a committee of CytoDyn's Board that was composed solely of two or more non-employee directors (the "Non-Employee Director Committee Exemption").

28. The Board Approval Exemption only applies to a transaction if all procedural requirements for board approval of the transaction are met. *See* SECTION 16 TREATISE, § 14.06[3], at 1432. These procedural requirements include approval by the Company's "full board" of directors, i.e., *each board member*. *See* SECTION 16 TREATISE, §14.06[4][a], at 1433 (citing *American Society of Corporate Secretaries*, SEC No-Action Letter, Q.1(b) (December 11, 1996) (absent approval by non-employee directors with full authority under Rule 16b-3(d)(1) "only approval by the full board of directors would be sufficient under the rule"); SECTION 16 TREATISE, §14.06[3], at 1432 (citing *American Society of Corporate Secretaries*, SEC No-Action Letter, Q.1(b) (December 11, 1996) (when engaging in the advance approval process under Rule 16b-3(d)(1), the "*full board* may consider non-binding recommendations by a committee of directors") (emphasis added). Indeed, the SEC issued guidance under the Section 16b-3(d) exemption clarifying that board approval must involve the "full board." *See Exchange Act Section 16 Related Rules and Forms*, U.S. SEC. AND EXCH. COMM'N (2010), https://www.sec.gov/divisions/corpfin/guidance /sec16interp.htm (noting that approval by a "full board" is one of the conditions under the Rule 16b-3(d) exemption).

29. The SEC consistently referred to the Board Approval Exemption as requiring approval by the "full board." In 1996, the SEC broadened the Rule 16b-3 exemption by eliminating a requirement that the grant needed to be pursuant to an employee benefit plan. *See Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 70 Fed. Reg. 46,080, 46,081-82 (Aug. 9 2005). In proposing this change, the SEC noted that "approval by the *full board* or a committee comprised solely of two or more non-employee directors would be retained as an alternative basis for exempting grants and awards." *See Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 60 Fed. Reg. 53,832, 53,834

COMPLAINT FOR VIOLATION OF THE SECURITIES
EXCHANGE ACT OF 1934 - 7
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

(Oct. 17, 1995) (emphasis added). In its final rule in 1996, the SEC noted that "when [Rule 16b-3] requires 'Non-Employee Director,' *full board*, or shareholder approval, the [Securities and Exchange] Commission intends that approval relate to specific transactions rather than the plan in its entirety." *See Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 61 Fed. Reg. 30,376, 30,381 (June 14, 1996) (emphasis added).

30. In addition to the SEC's pronouncements, federal courts, including the United States Court of Appeals for the Ninth Circuit, also confirmed that the Board Approval Exemption requires approval of the Company's "full board." *See Dreiling v. Am. Express Co.*, 458 F.3d 942, 954 (9th Cir. 2006) (citing *Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 61 Fed. Reg. 30, 381 (June 14, 1996)) (noting that Rule 16b-3(d) requires "full board" approval); *Segen v. CDR-Cookie Acquisitions, L.L.C.*, 2006 U.S. Dist. LEXIS 3053, at *5 (S.D.N.Y. Jan. 4, 2006) (noting that, among other reasons, because "Covansys's *full board of directors* . . . . approved the transaction and recommended it to the company's shareholders," the transaction was exempt under Rule 16b-3) (emphasis added); *Atl. Tele-Network v. Prosser*, 151 F. Supp. 2d 633, 638 (D.V.I. 2000) (citing *Skadden, Arps, Slate, Meagher & Flom LLP, SEC No-Action Letter*, [1999 Transfer Binder] Fed. Sec. L. Rep. (CCH) P 77,515, at 78, 565-66 (Jan. 12, 1999)) ("If *full board approval* . . . is to be relied upon to exempt the transactions, this approval must specify . . . that the approval is granted for purposes of exempting the transaction under Rule 16b-3") (emphasis added).

31. Here, Pourhassan's December 2019 Grant was not approved by CytoDyn's full December 2019 Board. Instead, the December 2019 Grant was approved by only three of the five members of the December 2019 Board: Kelly, Welch, and Klump.

32. In addition to Pourhassan, who did not cast a vote, Naydenov was not present at the meeting and did not approve Pourhassan's December 2019 Grant.

33. Thus, the Board Approval Exemption does not apply to the December 2019 Grant.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 - 8
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

34. At the same time, the December 2019 Grant also fails to qualify for the Non-Employee Director Committee Exemption. Under Rule 16b-3(b)(3), a Non-Employee Director is one who "[d]oes not receive any compensation, either directly or indirectly, from the issuer . . . . for services rendered as a consultant or in any capacity other than as a director."

35. As explained above, Pourhassan's December 2019 Grant was approved by only three of five members of the December 2019 Board. Critically, this incomplete version of CytoDyn's full Board included *only one* non-employee director. Of the three directors who approved the December 2019 Grant – Kelly, Welch, and Klump – only Klump was a non-employee director within the meaning of Section 16(b).

36. During the December 19, 2019 Board Meeting, Pourhassan was not a non-employee director because he was the Company's CEO. Kelly and Welch became paid consultants for the Company in July 2019, and neither director qualified as a "non-employee director" for purposes of SEC Rule 16b-3(b)(3). As conceded by the Company in its public filings, Kelly and Welch's consulting agreements also rendered them not "independent" under NASDAQ Rules.

37. Naydenov, the only other person who qualified as a non-employee director for purposes of Rule 16b-3(b)(3) at the time, was not present at the meeting in which Pourhassan received his December 2019 Grant and did not approve the transaction.

38. Accordingly, the December 2019 Grant does not qualify for the Non-Employee Director Committee Exemption under Rule 16b-3(d)(1).

39. The transaction cannot be deemed exempt under Rule 16b-3 because Pourhassan's December 2019 Grant was approved by less than the full Board and by *only one* non-employee director. In creating the Rule 16b-3 exemption, the SEC focused on ensuring that "appropriate company gate-keeping procedures are in place to monitor any grants or awards and to ensure acknowledgement and accountability on the part of the company when it makes such

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 - 9
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

grants and awards." *See Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 60 Fed. Reg. 53,835 (Oct. 17 1995).

40. Rule 16b-3 cannot logically be construed to mean that the exemption applies where, as here, the transaction is approved by a subset of the board of directors, i.e., a de facto committee, *and* this subset includes *only one* non-employee director. An ability to claim the "full" Board Approval Exemption in this situation makes no sense. A contrary reading would apply the Board Approval Exemption to committees of directors comprised of a majority of the board but just one non-employee director. This would completely negate the point of the Non-Employee Director Committee Exemption and contradict Rule 16b-3's purpose and history.

41. The December 2019 Grant did not satisfy the Six-Month Holding Period Exemption because Pourhassan exercised the December 2019 Grant and sold the 2,000,000 shares underlying that grant between April 30, 2020 and May 4, 2020, less than six months from the date of the December 2019 Grant.

42. The Sales are not exempt, as these were open market sales. *See* SECTION 16 TREATISE, § 7.06, at 645.

43. No other exemptions apply to the December 2019 Grant or the Sales.

44. Thus, Pourhassan violated Section 16(b) of the Exchange Act by purchasing and selling CytoDyn common stock within six months. Accordingly, Pourhassan is required to disgorge the profits he unlawfully obtained.

## ALLEGATIONS AS TO DEMAND

45. On May 21, 2020, Plaintiffs made a demand on CytoDyn to compel Pourhassan to disgorge the profits he unlawfully obtained through his violation of Section 16(b) of the Exchange Act (the "May 2020 Demand").

46. On May 25, 2020, CytoDyn's Vice President, General Counsel, and Corporate Secretary, Arian Colachis ("Colachis"), responded to Plaintiffs' May 2020 Demand, stating that

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 - 10
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

the December 2019 Grant was an exempt purchase from Section 16(b) of the Exchange Act under Rule 16b-3.

47. On June 2, 2020, Plaintiffs responded to Colachis, noting that the December 2019 Grant actually was not exempt under Rule 16b-3, as neither CytoDyn's full Board at the time nor a committee of two or more independent directors approved the December 2019 Grant. Plaintiff also noted that neither the stockholder approval nor the six-month holding period exemptions applied.

48. On June 18, 2020, Colachis responded to Plaintiffs and asserted, once again, that Pourhassan's December 2019 Grant was an exempt purchase, and that accordingly it was not matchable for purposes of Section 16(b) of the Exchange Act. (The correspondence described in paragraphs 45-48 is attached hereto as Exhibit 1.)

49. Under Section 16(b), "suit to recover such [short-swing] profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days of request or shall fail diligently to prosecute the same thereafter . . . ." Accordingly, as CytoDyn failed to disgorge Pourhassan's profits from the December 2019 Grant and the Sales, Plaintiffs commenced this action.

50. Recovery of profits under Section 16(b) is computed by using the "lowest-in, highest-out" method in which the highest sale price is matched with the lowest purchase price within six months. On December 19, 2019, CytoDyn's stock price was $0.63 per share, which is the deemed purchase price for the 2,000,000 stock options Pourhassan acquired on that date. The highest price per share Pourhassan obtained in the Sales was $3.74 per share on April 30, 2020. Accordingly, CytoDyn's recoverable profit for Pourhassan's violation of Section 16(b) is $6,220,000.

//

//

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 - 11
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

## CAUSE OF ACTION
### Violation of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b)

51. Plaintiffs re-allege each allegation contained above as if set forth herein.

52. On December 19, 2019, Pourhassan was granted 2,000,000 stock options at a Board meeting where only four out of five members of the Company's Board at the time were present and only one member was a non-employee director within the meaning of Section 16(b). Pourhassan did not hold the shares underlying the award for six months. Accordingly, the December 2019 Grant is not exempt under SEC Rule 16b-3.

53. On April 30, 2020, May 1, 2020, and May 4, 2020, less than six months after being awarded the December 2019 Grant, Pourhassan sold 4.8 million shares of CytoDyn common stock in a non-exempt open market transaction, thus violating Section 16(b) of the Exchange Act.

54. As a result, Pourhassan improperly garnered short-swing profits in violation of Section 16(b).

55. Pourhassan is subject to strict liability for his violation of Section 16, and his profits must be disgorged and returned to CytoDyn.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of an order as follows:

A. Requiring Defendant Pourhassan to account for and pay over to CytoDyn the short-swing profits recoverable from him under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), together with appropriate pre-judgment and post-judgment interest and costs of this suit;

B. Awarding Plaintiffs the costs and disbursements of this action, including reasonable allowance of fees and costs for Plaintiffs' attorneys, experts, and accountants; and

COMPLAINT FOR VIOLATION OF THE SECURITIES
EXCHANGE ACT OF 1934 - 12
Case No.

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700

FG:53812092.3

C. Granting to Plaintiff such other further relief as the Court may deem just and proper.

DATED this 10th day of September, 2020.

<u>*s/ Rylan Weythman*</u>
<u>*s/ Kelly A. Mennemeier*</u>
Rylan Weythman, WSBA #45352
Kelly A. Mennemeier, WSBA #51838
FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: rylan.weythman@foster.com
      kelly.mennemeier@foster.com

<u>*s/ Ned Weinberger*</u>
<u>*s/ Mark Richardson*</u>
Ned Weinberger, *pending pro hac application*
Mark Richardson, *pending pro hac application*
LABATON SUCHAROW LLP
300 Delaware Ave., Suite 1340
Wilmington, DE 19801
Telephone: (302) 573-2540
Email: nweinberger@labaton.com
      MRichardson@labaton.com

<u>*s/ Michael J. Maimone*</u>
Michael J. Maimone, *pending pro hac application*
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4200
Email: michael.maimone@faegredrinker.com

<u>*s/ Steven J. Purcell*</u>
Steven J. Purcell, *pending pro hac application*
PURCELL JULIE & LEFKOWITZ LLP
708 Third Avenue, Sixth Floor
New York, NY 10017
Telephone: (212) 725-1000
Email: spurcell@pjlfirm.com
*Attorneys for Plaintiffs*

COMPLAINT FOR VIOLATION OF THE SECURITIES
EXCHANGE ACT OF 1934 - 13
Case No.

FG:53812092.3

FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3292
Phone (206) 447-4400
Fax (206) 447-9700