# EXHIBIT 1

| | |
|---|---|
| **From:** | Arian Colachis |
| **To:** | Steven Purcell |
| **Cc:** | Richardson, Mark D.; "Maimone, Michael J."; Ryan P. Newell |
| **Subject:** | [EXTERNAL] RE: [EXT]Re: CytoDyn, Inc. |
| **Date:** | Thursday, June 18, 2020 3:08:15 PM |

Mr. Purcell,

Apologize for my delay in responding as I had thought I had responded to your interpretation of the securities laws that form the basis of your belief that the profits Dr. Pourhassan realized are subject to disgorgement. We continue to respectfully disagree.

I think you are incorrect in your statement of what constitutes approval by the "full board" for purposes of Rule 16b-3. Rule 16b-3(d)(1) does not use the term "full board," but instead exempts a grant of securities to an officer or director if the grant is "approved by the board of directors of the issuer." Practitioners sometimes refer to this form of approval as approval by the "full board," but only to distinguish board approval from approval by "a committee of the board of directors that is composed solely of two or more Non-Employee Directors," which practitioners refer to as "committee approval." Either form of approval is sufficient to exempt a grant from Section 16(b). You seem to be under the impression that a board-approved grant is exempt under Rule 16b-3(d)(1) only if (1) every member of the board attends the meeting at which the grant is approved, (2) every director votes on the proposed grant, and (3) the grant receives unanimous approval. None of these requirements appears in the rule or in any statement by the SEC or the staff. The SEC's references to "full board" approval in the releases adopting Rule 16b-3 indicate that board approval is subject to state law requirements, including state laws governing self-dealing. An any self-dealing transaction, directors having an interest in the transaction customarily recuse themselves from voting on the transaction. Your reading of Rule 16b-3 would eliminate this customary practice, which the SEC seemed to think was a form of protection against abuses in allowing board approval to qualify a grant for exemption.

**Arian Colachis**

VP, General Counsel & Corporate Secretary

CytoDyn Inc. (www.cytodyn.com)

360.998.3992 – Direct

206.235.6737 – Mobile

acolachis@cytodyn.com



NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you

**From:** Steven Purcell
**Sent:** Tuesday, June 2, 2020 10:57 AM
**To:** Arian Colachis
**Cc:** Richardson, Mark D. ; 'Maimone, Michael J.' ; Ryan P. Newell
**Subject:** [EXT]Re: CytoDyn, Inc.

Dear Ms. Colachis:

While I appreciate your prompt response, your application of Section 16(b) of the Exchange Act to the challenged sale is simply incorrect. The options and warrants issued to Pourhassan on December 19, 2019 (the "December 2019 Grant") do not qualify for the Section 16b-3 exemptions of the Exchange Act because the grants were not approved by each member of Cytodyn's Board of Directors (the "Board"). Specifically, the December 2019 Grant was not approved by Jordan G. Naydenov, who did not even attend the meeting in which the December 2019 Grant was proposed, discussed, and approved. (*See* Minutes of the Telephonic Meeting of the Board of Directors, December 19, 2019 ("Absent: Jordan Naydenov"). Another member of the full Board also did not approve it: Pourhassan himself.)

According to Rule 16b-3(d)(1), "[a]ny transaction, other than a Discretionary Transaction, involving an acquisition from the issuer (including without limitation a grant or award), whether or not intended for a compensatory or other particular purpose, shall be exempt [from Section 16(b) of the Exchange Act] if . . . . [t]he transaction is approved by the board of directors of the issuer, or a committee of the board of directors that is composed solely of two or more [n]on-[e]mployee [d]irectors." Other exemptions under Rule 16b-3(d) include advance approval of the transaction in question by a majority of the Company's security holders or the utilization of a six-month holding period by the officer or director with the acquired securities. *See* Rule 16b-3(d); *see also* PETER J. ROMEO & ALAN L. DYE, SECTION 16 TREATISE AND REPORTING GUIDE, §14.02, at 1386-87 (4th ed. 2012) [hereinafter "SECTION 16 TREATISE"]. The only exemption at issue here is the board approval exemption, as you have claimed that the December 2019 Grant is "exempt from Section 16(b) under Rule 16b-3" because it was "specifically approved by CytoDyn's board of directors at a board meeting held on December 19."

Under Section 16b-3(d)(1), a board of directors may exempt a proposed transaction by an officer or director with the issuer if all procedural requirements for board approval of the transaction are met. *See* SECTION 16 TREATISE, § 14.06[3], at 1432. The Rule 16b-3(d) board approval exemption requires approval by the "full board" of directors, i.e., by *each board member*. *See Id.* §14.06[4][a], at 1433 (citing *American Society of Corporate Secretaries*, SEC No-Action Letter, Q.1(b) (December 11, 1996) (absent approval by non-employee directors with full authority under Rule 16b-3(d)(1) "only approval by the full board of directors would be sufficient under the rule"); *Id.* §14.06[3], at 1432 (citing *American Society of Corporate Secretaries*, SEC No-Action Letter, Q.1(b) (December 11, 1996) (when engaging in the advance approval process under Rule 16b-3(d)(1), the "*full board* may consider non-binding recommendations by a committee of directors") (emphasis added). Indeed, the SEC has issued guidance under the Section 16b-3(d) exemption clarifying that board approval must involve the "full board." *See Exchange Act Section 16 Related Rules and Forms*, U.S. SEC. AND EXCH. COMM'N (2010), https://www.sec.gov/divisions/corpfin/guidance/sec16interp.htm (noting that approval by

a "full board" is one of the conditions under the Rule 16b-3(d) exemption).

Federal courts have confirmed that the board approval exemption under Rule 16b-3(d) requires the approval of the company's full board. *See Dreiling v. Am. Express Co.*, 458 F.3d 942, 954 (9th Cir. 2006) (citing *Ownership Reports and Trading by Officers, Directors and Principal Security Holders*, 61 Fed. Reg. 30, 381 (June 14, 1996)) (noting that Rule 16b-3(d) requires "full board" approval); *Segen v. CDR-Cookie Acquisitions, L.L.C.*, 2006 U.S. Dist. LEXIS 3053, at *5 (S.D.N.Y. Jan. 4, 2006) (noting that, among other reasons, because "Covansys's *full board of directors*. . . . approved the transaction and recommended it to the company's shareholders," the transaction in question was exempt under Rule 16b-3) (emphasis added); *Atl. Tele-Network v. Prosser*, 151 F. Supp. 2d 633, 638 (D.V.I. 2000) (citing *Skadden, Arps, Slate, Meagher & Flom LLP, SEC No-Action Letter*, [1999 Transfer Binder] Fed. Sec. L. Rep. (CCH) P 77,515, at 78, 565-66 (Jan. 12, 1999)) ("If *full board approval* . . . is to be relied upon to exempt the transactions, this approval must specify . . . that the approval is granted for purposes of exempting the transaction under Rule 16b-3") (emphasis added).

Accordingly, the December 2019 Grant is not exempt under Section 16b-3(d)(1), as Naydenov was absent from the meeting and did not approve the transaction. Because the December 2019 Grant was not approved by Naydenov, it was approved by less than the full Board, *i.e.*, a committee of the Board.

While approval by a committee of the board can qualify for the exemption under Section 16b-3(d)(1), the committee must be "composed solely of two or more non-employee directors." Here, the version of CytoDyn's Board that approved the December 2019 Grant included *only one* "non-employee director" as defined by the Exchange Act. Your apparent contention that this is sufficient to constitute "Board approval" seeks to apply the exemption for full Board approval to a "majority of the Board," which is incorrect,[1] and indeed in this case would rewrite the committee exemption under Section 16b-3(d)(1) to make it applicable to a committee comprised of *less than two* non-employee directors. That position cannot be reconciled with the letter or purpose of the Rule. Ultimately, an entity comprised of less than the full Board must meet the express requirements for the committee exemption of Rule 16b-3. As explained above, that is plainly not the case here and therefore there is no exemption.

Finally, to the extent you are claiming an exemption under Rule 16b-6, that rule only pertains to the exercise of the option and warrant shares, not their deemed purchase (the December 2019 Grant) or sale. As described above, the December 2019 Grant does not qualify for an exemption under Rule 16b-3, and as you have acknowledged, "Dr. Pourhassan's open market sales were not exempt from Section 16(b)." Thus, the subject sales violated Section 16(b) of the Exchange Act, and the profits realized by Dr.

Pourhassan must be disgorged and recovered by the Company.

For these reasons, we renew our demand that the Company compel Pourhassan to disgorge the profits he unlawfully obtained in the challenged transaction.

Regards,

Steven J. Purcell

[1][1] Moreover, if a majority of the board of directors were sufficient, the rule would expressly so provide, just as it does with respect to the stockholder approval exemption.

**From:** Arian Colachis <acolachis@cytodyn.com>
**Sent:** Monday, May 25, 2020 2:39 PM
**To:** Steven Purcell <spurcell@pjlfirm.com>
**Cc:** Richardson, Mark D. <MRichardson@labaton.com>; 'Maimone, Michael J.' <michael.maimone@faegredrinker.com>; Ryan P. Newell <rnewell@connollygallagher.com>
**Subject:** RE: CytoDyn, Inc.

Mr. Purcell,

I have reviewed the transactions you refer to in your email to Mr. Newell below, with which I was already familiar. I do not understand the basis for your assertion that Dr. Pourhassan realized a profit that may be recovered by CytoDyn Inc. ("CytoDyn") under Section 16(b).

The option and warrant grants to Dr. Pourhassan were specifically approved by CytoDyn's board of directors at a board meeting held on December 19, and therefor Dr. Pourhassan's acquisition of the option and warrant was exempt from Section 16(b) under Rule 16b-3. The warrant and option had a fixed exercise price of $0.63 a share, and therefore Dr. Pourhassan's exercise of the option and future exercise of the warrant are exempted by Rule 16b-6(b). Accordingly, while Dr. Pourhassan's open market sales were not exempt from Section 16(b), he engaged in no non-exempt purchase with which the sales may be matched under Section 16(b).

Best regards,

**Arian Colachis**
VP, General Counsel & Corporate Secretary
CytoDyn Inc. (www.cytodyn.com)
360.998.3992 – Direct
206.235.6737 – Mobile
acolachis@cytodyn.com



NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

**From:** Steven Purcell <spurcell@pjlfirm.com>
**Sent:** Thursday, May 21, 2020 4:03 PM
**To:** Ryan P. Newell <rnewell@connollygallagher.com>

**Cc:** Richardson, Mark D. <MRichardson@labaton.com>; 'Maimone, Michael J.' <michael.maimone@faegredrinker.com>
**Subject:** CytoDyn, Inc.

Counsel:

This email is on behalf of Martin Peterson, Gavin Myers, Alpha Venture Capital Partners, L.P., Caracciolo Family Trust, Gregory A. Gould, and Law Offices of Kenneth E. Chyten Defined Benefit Pension Plan ("Stockholders"), all of whom are stockholders of CytoDyn, Inc. ("CytoDyn" or the "Company"). I understand you represent the Company and write to you concerning recent transactions by the Company's CEO, Nader Pourhassan, in violation of Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"). Section 16(b) provides that all insider short-swing trading profits "shall inure to and be recoverable by the issuer," and "[s]uit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter. . . ." 15 U.S.C. § 78p(b).

On December 19, 2019, Pourhassan was granted 2,000,000 stock options and 2,000,000 warrants, both at an exercise price of $0.63 per share. *See* Form 4 filed with the SEC on December 23, 2019. Between April 30 and May 4, 2020, less than six months later, Pourhassan sold 4,821,174 shares (which included the exercise and sale of the 2,000,000 options/warrants awarded on December 19th), at prices ranging from $2.53 to $3.74 per share. *See* Form 4 filed with SEC on May 4, 2020.

Pourhassan's deemed purchase and sale of CytoDyn's securities within six months is a violation of Section 16(b) and the transactions are not subject to any liability exemption, including but not limited to SEC Rule 16b-3. Accordingly, we hereby demand that you compel Pourhassan to disgorge the profits he unlawfully obtained through these transactions in violation of the Exchange Act. This demand is made solely to comply with the requirements of Section 16(b) and shall not otherwise be construed as a demand, including under Delaware law.

Regards,

Steven J. Purcell

**Purcell Julie & Lefkowitz LLP**

708 Third Avenue, 6th Floor

New York, NY 10017

T: 212-840-6300

F: 212-725-0270