THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

ALPHA VENTURE CAPITAL
PARTNERS LP, CARACCIOLO
FAMILY TRUST, GREGORY A.
GOULD, LAW OFFICES OF KENNETH
E. CHYTEN 401(k) PROFIT SHARING
PLAN, GAVIN MYERS, and MARTIN
PETERSON, derivatively on behalf of
CYTODYN, INC.,

No. 3:20-cv-05909-JLR

REPLY MEMORANDUM IN FURTHER
SUPPORT OF DEFENDANT NADER Z.
POURHASSAN'S MOTION TO DISMISS

Plaintiff,

14

15

v.

16

NADER Z. POURHASSAN,

17

Defendant,

18

-and-

19

CYTODYN, INC., a Delaware Corporation

20

Nominal Defendant.

NOTED ON MOTION CALENDAR:

No hearing set per
Order of the Court (ECF 19)

21

22

23

24

25

26

REPLY IN SUPPORT OF DEFENDANT
NADER Z. POURHASSAN'S MOTION TO
DISMISS (No. 3:20-cv-05909-JLR)

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ............................................................................................................ 2

I.      PLAINTIFFS FAILED TO ADEQUATELY PLEAD A VALID CLAIM FOR RELIEF UNDER SECTION 16(b) ............................................. 2

II.     PLAINTIFFS FAIL TO REFUTE THAT THE DECEMBER 19 OPTION GRANT IS EXEMPT UNDER THE BOARD APPROVAL EXEMPTION ..................................................................................... 3

     A.    Rule 16b-3(d)(1) Does Not Require Approval by the "Full" Board .......... 3

     B.    Rule 16b-3(d)(1) Does Not Require Unanimous Approval ..................... 5

     C.    Dr. Pourhassan's Interpretation of the Board Approval Exemption is Not Inconsistent with the Non-Employee Director Exemption ............ 6

     D.    The Delaware Litigation is a Red Herring and Irrelevant to this Case ........................................................................................... 8

CONCLUSION ....................................................................................................... 11

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES

**Page**

CASES

*Atlantic Tele-Network v. Prosser*,
  151 F. Supp. 2d 633 (D.V.I. 2000) ........................................................................6

*Donoghue v. Casual Male Retail Grp., Inc.*,
  427 F. Supp. 2d 350 (S.D.N.Y. 2006).....................................................................5

*Dreiling v. Am. Express Co.*,
  458 F.3d 942 (9th Cir. 2006) ...................................................................................9

*Egghead.Com, Inc. v. Brookhaven Cap. Mgmt. Co.*,
  340 F.3d 79 (2d Cir. 2003).....................................................................................10

*Foremost-McKesson, Inc. v. Provident Secs. Co.*,
  423 U.S. 232 (1976) .................................................................................................9

*Gryl v. Shire Pharms. Grp. PLC*,
  298 F.3d 136 (2d Cir. 2002), *cert. denied*, 537 U.S. 1191 (2003).......................2, 6

*Lowinger v. Morgan Stanley & Co.*,
  841 F.3d 122 (2d Cir. 2016), 2015 WL 5082825 ..................................................10

*Olagues v. Musk*,
  Case No. 18-cv-07110-BLF, 2019 WL 3457831 (N.D. Cal. July 31, 2019)............8

*Roth ex rel. Beacon Power Corp. v. Perseus, L.L.C.*,
  No. 05 Civ. 10466(RPP), 2006 WL 2129331 (S.D.N.Y. July 31, 2006), *aff'd*,
  522 F.3d 242 (2d Cir. 2008)......................................................................................5

*Roth v. Reyes*,
  No. C 06-02786 CRB, 2007 WL 518621 (N.D. Cal. Feb. 13, 2007) ...................6, 9

*Segen v. Rickey*,
  No. C07–02917 MJJ, 2008 WL 590505 (N.D. Cal. Feb. 29, 2008) ...............5, 6, 10

STATUTES

8 *Del. C.* § 141(f) .......................................................................................................4, 5

8 *Del. C.* § 312 ...............................................................................................................4

Section 16(b) .................................................................................................... passim

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**TABLE OF AUTHORITIES**
(continued)

**Page**

1

2

3

**OTHER AUTHORITIES**

4

17 C.F.R. § 240.16b-3(d)(1) ...............................................................................2, 3, 5, 7

60 Fed. Reg. 53,832, 53,833 (Oct. 17, 1995).............................................................7

61 Fed. Reg. 30,376, 30,381 (June 14, 1996) ........................................................7, 9

*American Society of Corporate Secretaries*, SEC No-Action Letter, Q.1(b) (Dec. 11, 1996) ...................................................................................................................8

Fed. R. Civ. P. 12(b)(6)................................................................................................1

Rule 10b-5.................................................................................................................10

Rule 16a-7.................................................................................................................10

Rule 16b-3................................................................................................. passim

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Dr. Pourhassan[1] submits this reply memorandum in further support of his motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 12).

## PRELIMINARY STATEMENT

As explained in his opening memorandum, the Complaint should be dismissed because Plaintiffs have failed to plead a valid claim for relief under Section 16(b).  Plaintiffs have not alleged any non-exempt purchase of CytoDyn stock that is matchable under Section 16(b) to Dr. Pourhassan's subsequent open market sales, as Section 16(b) requires.  The December 2019 Option Grant was not a "purchase" by Mr. Pourhassan under Section 16(b) because it was approved by CytoDyn's board of directors and therefore exempt under Rule 16b-3(d)(1).   And because Plaintiffs allege no other non-exempt purchase of CytoDyn stock by Mr. Pourhassan within six months of his open market sales, Plaintiffs have failed to plead a valid claim for relief under Section 16(b).

Plaintiffs oppose Dr. Pourhassan's motion on patently frivolous grounds, arguing that the December 2019 Option Grant is not exempt under Rule 16b-3(d)(1) – and therefore is a "purchase" under Section 16(b) – because it was not approved by the "full board," a term that neither appears in Rule 16b-3(d)(1) nor is defined anywhere in the federal securities laws.  Plaintiffs build on this dubious premise by arguing that the December 2019 Option Grant was not approved by the so-called "full board" because one director did not attend the meeting, and one director recused himself from the vote.  Plaintiffs also contend that, even if the December 2019 Option Grant was validly approved by CytoDyn's board of directors in accordance with governing Delaware law and CytoDyn's certificate of incorporation and bylaws (facts which Plaintiffs concede), exempting a board-approved transaction based on the approval of fewer than all members of the board would be inconsistent with policy underlying the non-employee director exemption, an entirely separate exemption.

[1] Dr. Pourhassan adopts herein the same terms defined in Defendant Nader Z. Pourhassan's Motion to Dismiss and Memorandum of Law in Support Thereof (Dkt. No. 12).

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1    Contrary to Plaintiffs' assertion, Rule 16b-3(d)(1) does not require approval by the "full"

2  board of directors, whatever that undefined term means in Plaintiffs' minds.  Nor does the rule

3  require unanimous approval by every single member of the board of directors.  It simply requires

4  the board's "approval."  *See* 17 C.F.R. § 240.16b-3(d)(1).  And interpreting the rule to require only

5  approval by the board in accordance with state law and the issuer's governing documents, which

6  dictate the vote required for all other board actions, not only is mandated by the plain language of

7  the rule, but also is consistent with the SEC's stated purpose for adopting the exemption.  It is not,

8  as Plaintiffs contend, inconsistent with the non-employee director exemption, which serves a

9  different purpose.

10    For these reasons and those set forth in Dr. Pourhassan's opening memorandum, this Court

11  should grant Dr. Pourhassan's motion to dismiss and dismiss the Complaint in its entirety.

12                                   **ARGUMENT**

13  **I.    PLAINTIFFS FAILED TO ADEQUATELY PLEAD A VALID CLAIM FOR
14         RELIEF UNDER SECTION 16(B).**

15    Dr. Pourhassan established in his opening memorandum that the December 19 Option

16  Grant is exempt under Rule 16b-3's "board approval exemption."  Rule 16b-3(d)(1) exempts,

17  unequivocally and unconditionally, any acquisition of a security directly from the issuer if "[t]he

18  transaction is approved by the board of directors of the issuer . . . ."  17 C.F.R. § 240.16b-3(d)(1).

19    Plaintiffs have conceded that CytoDyn's board of directors duly held a meeting that was

20  validly called (meaning notice was given to all directors); that a quorum to conduct business was

21  present at the meeting; that the directors in attendance had "authority" to make the award; that a

22  majority of the directors in attendance, constituting a majority of the total number of directors on

23  the board, did in fact approve the award; and that the board vote satisfied the requirements of

24  Delaware law and CytoDyn's bylaws for valid approval of the award.  These undisputed facts

25  establish that the December 19 Option Grant was approved by CytoDyn's board of directors and

26  is exempt under Rule 16b-3(d)'s board approval exemption.  *See Gryl v. Shire Pharms. Grp. PLC,*

REPLY IN SUPPORT OF DEFENDANT
NADER Z. POURHASSAN'S MOTION TO
DISMISS (No. 3:20-cv-05909-JLR) – 2

298 F.3d 136, 141 (2d Cir. 2002) (stating three requirements for the board approval exemption: "(1) The transaction must involve the defendant acquiring issuer equity securities from the issuer; (2) The defendant must be a director or officer of the issuer at the time of the transaction; and (3) The transaction must be approved in advance by the issuer's board of directors."), *cert. denied*, 537 U.S. 1191 (2003).  Because Plaintiffs allege no other non-exempt purchase of CytoDyn stock by Dr. Pourhassan within six months of his open market sales, Plaintiffs have failed to plead a valid claim for relief under Section 16(b) and their Complaint should be dismissed.

## II.   PLAINTIFFS FAIL TO REFUTE THAT THE DECEMBER 19 OPTION GRANT IS EXEMPT UNDER THE BOARD APPROVAL EXEMPTION.

### A.   Rule 16b-3(d)(1) Does Not Require Approval by the "Full" Board.

Plaintiffs argue that the December 19 Option Grant is not exempt under the board approval exemption because it was not approved by CytoDyn's "full board."  Plaintiffs are wrong.

Contrary to Plaintiffs' assertion, Rule 16b-3(d)(1) does not require approval by the "full" board.  The word "full" appears nowhere in Rule 16b-3(d)(1), which requires simply that the transaction be approved by "the board of directors of the issuer."  *See* 17 C.F.R. § 240.16b-3(d)(1) (providing exemption if "[t]he transaction is approved by the board of directors of the issuer . . . .").

Plaintiffs' argument that the exemption is applicable only to a transaction that is approved by the "full board" is based solely on the SEC's use of the term "full board" when referring to the board approval exemption in the SEC releases proposing and adopting Rule 16b-3.  However, as explained in Dr. Pourhassan's opening brief, the SEC used the term "full board" colloquially to distinguish the board approval exemption from the non-employee director exemption.  There is no suggestion in the SEC releases or in any other authority that the SEC's reference to the exemption as the "full board exemption" was intended as an interpretation of Rule 16b-3(d)(1) to require something more than what the rule expressly requires—approval by "the board."  Plaintiffs compound their error by leaping to the completely unfounded conclusion that this supposed

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

interpretation of Rule 16b-3 by the SEC reflects the SEC's intention to require, as a condition to a board's ability to exempt an equity grant, that every director attend the meeting at which the grant is approved, and that every director vote in favor of the grant.  Plaintiffs offer no explanation as to why the SEC would impose these conditions interpretively in the very release that adopted the rule rather than specifying them in the rule itself.

Whether "a 'full board' means every member of a board of directors" under Delaware law, as Plaintiffs contend, is irrelevant to Rule 16b-3's reference to "the board of directors."  Given that Plaintiffs have raised the issue, however, none of the Delaware authorities cited by Plaintiffs support their contention that "full board" approval means unanimous approval by every member of the board.

Section 312 of the Delaware General Corporation Law ("DGCL"), paragraph (h) of which is cited by Plaintiffs, addresses the steps that must be taken to "reviv[e]" a corporation whose certificate of incorporation has expired or been forfeited.  *See* 8 *Del. C.* § 312(h).  Sections 312(c) and (d)(5) provide that a certificate for revival must be filed "by authority" of those who were directors at the time the certificate of incorporation expired or, if there are no such directors, directors elected in accordance with subsection (h), which provides that, if there are no remaining directors, "the stockholders may elect a full board of directors."  *See id.* § 312(c), (d)(5), (h).  The provision therefore empowers shareholders to replace a disbanded board of directors, has nothing to do with the vote required of a "full board" to take corporate action, and therefore is completely inapplicable to the vote required of a "board of directors" under Rule 16b-3.

Section 141(f) of the DGCL, another statute cited by Plaintiffs, states: "[u]nless otherwise restricted by the charter or bylaws, (1) the board or any committee may take any action *without a meeting* if all members consent thereto in writing or by electronic transmission, and (2) a consent may be documented, signed and delivered in any manner permitted by § 116."  8 *Del. C.* § 141(f) (emphasis added).  This provision applies only to action taken by a board *without a meeting*, does not mention the phrase "full board," and expressly requires that action by *written consent*, and, as

REPLY IN SUPPORT OF DEFENDANT NADER Z. POURHASSAN'S MOTION TO DISMISS (No. 3:20-cv-05909-JLR) – 4

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

opposed to action taken at a meeting at which all directors had an opportunity to be heard, requires the signature of *all* directors. Rule 16b-3(d) uses no such language, and Section 141(f) merely demonstrates that, when a statute or rule is intended to require the vote of all directors, it will say so in clear and unambiguous language.

### B.    Rule 16b-3(d)(1) Does Not Require Unanimous Approval.

Plaintiffs further argue that the December 19 Option Grant is not exempt under the board approval exemption because (1) one director did not attend the meeting (and thus did not vote on the award), and (2) one director recused himself from the vote. These arguments, too, are frivolous.

Rule 16b-3(d)(1) says nothing about attendance by every director or unanimous approval as a condition to exempting an award. As previously explained, Rule 16b-3(d)(1) simply requires *approval* by the board of directors of the issuer. *See* 17 C.F.R. § 240.16b-3(d)(1).

The court in *Segen v. Rickey*, No. C07–02917 MJJ, 2008 WL 590505 (N.D. Cal. Feb. 29, 2008), rejected the contention that "approval" for purposes of Rule 16b-3(d)(1) "requires more than simply approving the option," reasoning that "the plain language of Rule 16b-3(d)(1) requires nothing other than that the Board, or the appropriate Committee, 'approve' the grant." *Id.* at \*5 (citing 17 C.F.R. § 240.16b-3(d)(1)). The court observed that, "[i]n applying § 16(b) liability, the Court is not required to venture down the path of determining what types of approval are subject to liability," and "is not at liberty to require more than the elements set forth in Rule 16b-3(d)(1)." *Id.* at \*6. Numerous courts have found that a transaction was exempt under Rule 16b-3(d)(1) based solely on a finding that the transaction was approved at a meeting of "the board of directors," without probing or discussing whether all directors were present, all directors voted, or all directors voted in favor of the transaction. *See, e.g.*, *Roth ex rel. Beacon Power Corp. v. Perseus, L.L.C.*, No. 05 Civ. 10466(RPP), 2006 WL 2129331, at \*6, \*11 (S.D.N.Y. July 31, 2006), *aff'd*, 522 F.3d 242 (2d Cir. 2008); *Donoghue v. Casual Male Retail Grp., Inc.*, 427 F. Supp. 2d 350, 358-59

1   (S.D.N.Y. 2006); *Gryl*, 298 F.3d at 144; *Atlantic Tele-Network v. Prosser*, 151 F. Supp. 2d 633,

2   635, 637, 643 (D.V.I. 2000).

3   Likewise, in *Roth v. Reyes*, No. C 06-02786 CRB, 2007 WL 518621 (N.D. Cal. Feb. 13,

4   2007), the court held that the application of Rule 16b-3(d)(1)'s board exemption hinges solely on

5   whether the board of directors actually approved the transaction.  In that case, the plaintiff alleged

6   that the stock option grants at issue were approved by the issuer's CEO acting as a "committee of

7   one," and that the board of directors "did not properly approve the option grants," such that Rule

8   16b-3(d)'s exemption was inapplicable.  *See id.* at *7-8.

9   The court rejected the plaintiff's arguments and found that the stock option grants were

10  exempt under Rule 16b-3(d)(1).  *See id.* at *8.  In dismissing the complaint, the court reasoned that

11  the plaintiff did not allege that the board of directors "actually failed to approve the stock options."

12  *Id.*  "[A]n allegation that the Board did not *properly* approve the grants is a legal conclusion, rather

13  than a factual allegation that the Board never gave its blessing to the backdated transactions."  *Id.*

14  (emphasis in original).

15  Similarly, in this case, it is undisputed that the December 19 Option Grant was approved

16  by the board of directors and that the board had the authority to make the award.  These undisputed

17  facts establish that the December 19 Option Grant is exempt under Rule 16b-3(d)'s board approval

18  exemption.  This Court need not "scrutinize the approval" or "require more than 'approval' by the

19  Board."  *See Segen*, 2008 WL 590505, at *5-6.

20  **C.      Dr. Pourhassan's Interpretation of the Board Approval Exemption is Not
        Inconsistent with the Non-Employee Director Exemption.**

21

22  Plaintiffs further contend that exempting a board-approved transaction based on the

23  approval of fewer than all members of the board would be inconsistent with the non-employee

24  director exemption, which requires that, when the authority to grant equity awards is delegated to

25  a committee of the board, committee approval is sufficient to exempt a grant only if the committee

26

REPLY IN SUPPORT OF DEFENDANT
NADER Z. POURHASSAN'S MOTION TO
DISMISS (No. 3:20-cv-05909-JLR) – 6

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1  is composed solely of two or more non-employee directors.  *See* 17 C.F.R. § 240.16b-3(d)(1).

2  Again, Plaintiffs are wrong.

3        As explained in Dr. Pourhassan's opening memorandum, the board approval exemption

4  and the non-employee director exemption serve two different purposes.  The SEC adopted the

5  board approval exemption, among other reasons, because boards of directors have a state-law

6  fiduciary duty not to facilitate insider trading, whether or not the directors are "non-employee

7  directors."  *See* Ownership Reports and Trading by Officers, Directors and Principal, Security

8  Holders, 61 Fed. Reg. 30,376, 30,381 (June 14, 1996) ("traditional state law fiduciary duties

9  facilitate compliance with the underlying purposes of section 16 by creating effective

10  prophylactics against possible insider trading abuses").  The SEC therefore did not condition the

11  board approval exemption on the presence or approval of directors meeting any qualification other

12  than their status as a duly elected director.  Recognizing that many public companies are listed on

13  stock exchanges, whose listing standards require that compensatory equity awards be granted by

14  the board's compensation committee, the SEC extended a Rule 16b-3(d) exemption to committee-

15  approved transactions as well, but imposed a "non-employee director" requirement in recognition

16  of the fact that a reduced number of directors are involved in oversight of the transactions.  *See*

17  Ownership Reports and Trading by Officers, Directors and Principal, Security Holders, 60 Fed.

18  Reg. 53,832, 53,833 (Oct. 17, 1995).  While Plaintiffs may consider it "illogical" that the SEC

19  required that all committee members be non-employee directors but imposed no similar

20  requirement on the board of directors, the SEC had sound reasons for doing so, and if Plaintiffs

21  disagree with the SEC's conclusions, they should address their concerns to the SEC in a

22  rulemaking petition rather than asking this Court to rewrite a sound rule by interpretation.

23        Moreover, as explained in Dr. Pourhassan's opening memorandum, Plaintiffs'

24  interpretation of the board approval exemption would render the exemption unavailable if any

25  director chose to recuse himself or herself from consideration of the transaction (thus rendering

26  the board, in Plaintiffs' convoluted thinking, a "de facto" committee).  Plaintiffs dismiss this

REPLY IN SUPPORT OF DEFENDANT
NADER Z. POURHASSAN'S MOTION TO
DISMISS (No. 3:20-cv-05909-JLR) – 7

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

argument as a "red herring," without addressing its merits.  Plaintiffs do not even attempt to reconcile how or why the court in *Olagues v. Musk*, Case No. 18-cv-07110-BLF, 2019 WL 3457831 (N.D. Cal. July 31, 2019), concluded that the transaction at issue was exempted by Rule 16b-3(d)(1) because it was approved by the board of directors, even though two board members recused themselves from the approval process. *Id.* at *1, *7.

Moreover, Plaintiffs are wrong in their assertion that not requiring unanimous approval by the board of directors is inconsistent with the rule's requirement that all members of a committee must be "non-employee directors."  The SEC has clearly stated that, where one or more members of a committee are not non-employee directors, the committee may exempt a grant by having the non-qualifying directors recuse themselves from voting on the grant, so long as at least two non-employee directors remain available to approve the award.  *See American Society of Corporate Secretaries*, SEC No-Action Letter, Q.1(b) (Dec. 11, 1996).  Accordingly, even the non-employee director exemption does not require that all members of the committee vote on the grant.  In addition, imposing, through interpretation, a requirement that all directors vote to approve an award would do nothing to make the board approval exemption consistent with the non-employee director exemption's requirement that *only* non-employee directors vote on the award.  Instead, Plaintiffs' argument would require that Dr. Pourhassan himself, who is not a non-employee director and who was an "interested director" in the board's consideration of his December 2019 Option Grant, have voted to approve his own award.  Accordingly, while the two exemptions are independent of one another and do not need to be "reconciled," Plaintiffs' efforts to rewrite the board approval exemption would not achieve the consistency they purport to seek.

## D.    The Delaware Litigation is a Red Herring and Irrelevant to this Case.

In opposing Dr. Pourhassan's motion, Plaintiffs describe in detail a derivative lawsuit that they filed on CytoDyn's behalf in the Delaware Court of Chancery alleging, among other things, that CytoDyn's board of directors, in approving the December 2019 Option Grant, breached their fiduciary duty, acted in bad faith, and unjustly enriched themselves.  Plaintiffs also imply that Dr.

REPLY IN SUPPORT OF DEFENDANT
NADER Z. POURHASSAN'S MOTION TO
DISMISS (No. 3:20-cv-05909-JLR) – 8

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Pourhassan's sales of stock in April and May 2020 were timed to precede CytoDyn's announcement of negative news and therefore constituted insider trading of the type that Section 16(b) is intended to remedy.[2] These allegations, in addition to being false and vehemently denied by Dr. Pourhassan, are red herrings and irrelevant to Rule 16b-3(d)(1)'s board approval exemption.

In adopting the board approval exemption in 1995, the SEC recognized its limitations, but explained that state law fiduciary duties protect against corporate self-dealing by directors. *See* Ownership Reports and Trading by Officers, Directors and Principal, Security Holders, 61 Fed. Reg. 30,376, 30,381 (June 14, 1996) ("[T]raditional state law fiduciary duties facilitate compliance with the underlying purposes of section 16 by creating effective prophylactics against possible insider trading abuses."); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 947 (9th Cir. 2006) ("[T]he transactions covered by Rule 16b-3(d) were ones the SEC determined did not give rise to an intolerable risk of speculative abuse. The SEC also noted that state laws on fiduciary duty and self-dealing might help remedy any residual speculative abuse that did occur.").

Indeed, courts have declined to extend Section 16(b) liability beyond its plain meaning to curb *all* improper or abusive transactions by corporate insiders, particularly when other laws more appropriately address the underlying misconduct. *See, e.g.*, *Reyes*, 2007 WL 518621, at *7 ("[T]he observation that other laws more accurately address the type of misconduct implicated by [option] backdating does suggest that Section 16(b) should not be pressed into service whenever insiders behave badly, and that Plaintiff is attempting to fit a square peg into a round hole."); *Foremost-McKesson, Inc. v. Provident Secs. Co.*, 423 U.S. 232, 255 (1976) (noting that "Congress . . . has left some problems of the abuse of inside information to other remedies [and t]hese sanctions alleviate concern that ordinary investors are unprotected against actual abuses of inside information in transactions not covered by § 16(b).").   Similarly, in a case alleging that underwriters of a public offering were aware of material nonpublic information about the issuer

---

[2] Plaintiffs' specious argument conveniently overlooks, of course, that the exempt transaction here was the December 2019 Option Grant, not the open market sales in April and May 2020, and presented no opportunity to profit from inside information.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1   and therefore were ineligible to rely on Rule 16a-7, which exempts from Section 16 transactions

2   by an underwriter in connection with a distribution of securities, the SEC filed an *amicus* brief in

3   which it said that an underwriter's actual insider trading in connection with a distribution does not

4   render the Section 16 exemption unavailable, and instead is actionable under "other rules" (e.g.,

5   SEC Rule 10b-5 and other insider trading laws).  *See* Brief of SEC as Amicus Curiae, *Lowinger v.*

6   *Morgan Stanley & Co.*, 841 F.3d 122 (2d Cir. 2016) (No. 14-3800), 2015 WL 5082825, at *24.

7   　　"[W]hile liability under § 16(b) may be both under- and over-inclusive, the SEC exempted

8   board-approved insider-issuer trades because they satisfied 'objective gate-keeping conditions'

9   and did not 'give rise to an intolerable level of speculative abuse.'"  *Segen*, 2008 WL 590505, at

10   *6 (quoting *Dreiling*, 458 F.3d at 948, 951).  "If SEC concludes that its rules do not provide

11   adequate protection against insider trading, it can easily amend the rules to achieve the desired

12   goals." *Egghead.Com, Inc. v. Brookhaven Cap. Mgmt. Co.*, 340 F.3d 79, 86 (2d Cir. 2003).  But,

13   "[i]t is not for this Court to change the scope of the statute."  *Segen*, 2008 WL 590505, at *6.

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

REPLY IN SUPPORT OF DEFENDANT
NADER Z. POURHASSAN'S MOTION TO
DISMISS (No. 3:20-cv-05909-JLR) – 10

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1

**CONCLUSION**

2    For these reasons and those stated in Dr. Pourhassan's opening memorandum, this Court

3  should grant Dr. Pourhassan's motion to dismiss in its entirety, dismiss the Complaint and each

4  cause of action asserted against Dr. Pourhassan with prejudice, and grant such other and further

5  relief as the Court deems just and proper.

6

7

8   DATED:  February 5, 2021

By:  s/ Heidee Stoller
Thomas R. Johnson, admitted *pro hac vice*
Heidee Stoller #44595
**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222
Email:  TRJohnson@perkinscoie.com
       HStoller@perkinscoie.com

*Attorneys for Defendant Nader Z. Pourhassan*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF DEFENDANT
NADER Z. POURHASSAN'S MOTION TO
DISMISS (No. 3:20-cv-05909-JLR) – 11

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on February 5, 2021, I electronically filed the

foregoing REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT NADER Z.

POURHASSAN'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF

system, which will send notification of such filing to the following attorney(s) of record:

| | |
|---|---|
| Kelly Ann Mennemeier<br>Rylan L. S. Weythman<br>FOSTER GARVEY PC<br>1111 3rd Avenue, Ste. 3000<br>Seattle, WA 98101-3299<br>kelly.mennemeier@foster.com<br>rylan.weythman@foster.com<br><br>*Attorneys for Plaintiff* | Mark D. Richardson<br>LABATON SUCHAROW LLP<br>300 Delaware Avenue, Ste. 1340<br>Wilmington, DE 19801<br>mrichardson@labaton.com<br><br><br><br>*Attorneys for Plaintiff* |
| Steven J. Purcell<br>PURCELL JULIE & LEFKOWITZ<br>708 Third Avenue – 6th Floor<br>New York, NY 10017<br>spurcell@pjlfirm.com<br><br>*Attorneys for Plaintiff* | Michael J. Maimone<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>222 Delaware Ave., Ste. 1410<br>Wilmington, DE 19801<br>Michael.maimone@faegredrinker.com<br><br>*Attorneys for Plaintiff* |
| Arian Colachis<br>CYTODYN, INC.<br>1111 Main Street, Ste. 660<br>Vancouver, WA 98660<br>acolachis@cytodyn.com<br><br>*Attorneys for Defendant CytoDyn Inc.* | |

DATED: February 5, 2021

By:  s/ Heidee Stoller
Thomas R. Johnson, admitted *pro hac vice*
Heidee Stoller #44595
**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222
Email: TRJohnson@perkinscoie.com
        HStoller@perkinscoie.com

*Attorneys for Defendant Nader Z. Pourhassan*